UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 08-129-HRW

WILLIAM CHAD WHITLOW, PETITIONER,

V. **MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

JOSEPH P. MEKO,
*Warden of Little Sandy Correctional Complex*, RESPONDENT.

## I. INTRODUCTION

Petitioner, William Chad Whitlow, brings this action for a Writ of Habeas Corpus [R. 1] pursuant to 28 U.S.C. § 2254, to challenge his sentence in state court. Consistent with local practice, the matter is before the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Because Whitlow's § 2254 petition is untimely, and otherwise lacks substantive merit, it should be dismissed.

## II. FACTUAL AND PROCEDURAL HISTORY

On September 29, 1999, Whitlow pled guilty in Barren Circuit Court to first-degree manslaughter and was sentenced to twenty (20) years imprisonment. [R. 1]. On November 9, 2005, he filed a motion to modify his sentence under KRS 532.070 and CR 60.02(f). [see R. 10-1 at 2-13]. The Barren Circuit Court denied that motion on January 8, 2007. [R. 1-1].

On appeal, the Kentucky Court of Appeals affirmed the denial of Whitlow's motion to modify sentence. [R. 1-4]. The court agreed with the trial court that (1) his sentence could not be modified under KRS 532.070 because it was imposed by the court and not "fixed by a jury," and (2)

CR. 60.02 was inapplicable because Whitlow did not seek to vacate his sentence, but was merely requesting leniency. [Id.]. The Kentucky Supreme Court denied discretionary review on October 15, 2008. [R. 1-3].

On October 28, 2008, Whitlow filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. [R. 1]. He argues that the trial court erred in denying his motion to modify sentence, and requests that the Court "reverse this action back to the trial court" with instructions to grant his requested relief. [Id. at 5, 14]. By answer [R. 10], the state argues that Whitlow's petition should be dismissed because it is time-barred, and the claims raised therein are not cognizable in federal habeas corpus proceedings. The parties having briefed the relevant issues, the matter is ripe for review.

III. ANALYSIS

**A. Whitlow's Petition is Untimely.**

Whitlow did not file his habeas petition within the one year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), which governs actions where an individual petitions for a writ of habeas corpus from a state court conviction. According to the statute, the limitation period begins to run from the *latest* of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. In the present matter, the only applicable provision is § 2244(d)(1)(A), finality of direct review. Whitlow's petition reflects that he pled guilty to first-degree manslaughter in Barren Circuit Court on September 29, 1999, and, on the same day, was sentenced to twenty (20) years imprisonment. [see R. 1 at 1]. He did not appeal the conviction or sentence. [Id. at 2].

Kentucky Rule of Criminal Procedure 12.04(3) provides that a party has thirty days from the date on which the judgment of conviction is entered to file an appeal. The rules further provide that "the day of the act, event or default after which the designated period of time begins to run is not to be included" in the time computation. Ky. R. Crim. P. 1.10; Ky. R. Civ. P. 6.01. According to Whitlow's petition, his judgment was entered on September 29, 1999 [R. 1 at 1]; therefore, under Kentucky law, his thirty-day time period for filing an appeal began to run the next day, September 30, 1999. He did not file an appeal within the thirty days provided by the rules, and thus his conviction became final on October 29, 1999. Whitlow's statute of limitations under § 2244(d)(1)(A) began to run on October 30, 1999, the *day after* his conviction became final by the conclusion of direct review. Fed. R. Civ. P. 6(a) ("exclude the day of the act, event, or default that begins the period"); see also Bronaugh v. Ohio, 235 F.3d 280, 285 (6th Cir. 2000).

Under AEDPA's one-year statute of limitations, Whitlow had until October 30, 2000, to file a habeas petition unless he filed a state post-conviction or collateral motion which tolled the statute of limitations. The AEDPA statute of limitations is tolled during any period in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Whitlow did not file any motions for post-

3

conviction or collateral review until November 9, 2005, when he filed the motion to modify sentence in Barren Circuit Court. [R. 10-1]. However, by the time he filed that motion, the statute of limitations had expired, and "[o]nce the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003).

As there were no tolling motions, the statute of limitations expired on October 30, 2000, one year after Whitlow's conviction became final. Since the instant petition was filed on October 28, 2008, nearly eight (8) years after the expiration of the statute of limitations, this case should be dismissed.

**B. Whitlow is not Entitled to Equitable Tolling**.

Whitlow argues that the Court should apply the doctrine of equitable tolling to save his claims. [R. 1 at 13]. In support of equitable tolling, he alleges that he could not file his habeas petition in a timely manner because he "was...unable to get copies of [his] trial documents to review the records in this action." [Id.].

Whitlow has not met his "burden of demonstrating that he...is entitled to equitable tolling." Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004) (citing McClendon v. Sherman, 329 F.3d 490, 494 (6th Cir. 2003)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Here, Whitlow's allegation that he was unable to obtain his trial materials is entirely conclusory and without evidentiary support. The Sixth Circuit has noted that equitable tolling should "be applied sparingly," Dunlap v. United States, 250 F.3d 1001, 1008-09 (6th Cir. 2001), and this is not an appropriate case

4

for its application.  See generally Rucker v. Bell, 2008 WL 56025, at *7 (E.D.Tenn., Jan. 3, 2008) ("Petitioner's factually unsupported assertion of incapacitation is insufficient to justify equitable tolling.") (unpublished).

### C. Whitlow's Claims Fail on the Merits.

Even if Whitlow's § 2254 petition was not time-barred, he would not prevail on the merits of his claims.  As grounds for habeas relief, Whitlow argues that the state courts misapplied state law in denying his motion to modify sentence.  [R. 1 at 5].  However, it is well established that "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).  Whitlow also contends that his motion should have been granted because he "entered his [guilty] plea against his will to do so." [R. 1 at 5].  To the extent his argument can be construed as a constitutional claim that his plea was involuntary, it fails.  "A state prisoner seeking habeas relief under 28 U.S.C. § 2254 must show by a *preponderance of the evidence* that he is in custody in violation of the Constitution or laws or treaties of the United States." Hardy v. Jones, 2009 WL 2242411, at *2 (E.D. Mich., July 24, 2009) (emphasis added) (quoting 28 U.S.C. § 2254) (unpublished).  Whitlow's conclusory and unsupported allegation that his plea was involuntary is insufficient to satisfy this burden.

## IV. CONCLUSION

Accordingly, and for the reasons stated above, it is hereby recommended that Whitlow's § 2254 Petition for a Writ of Habeas Corpus [R. 1] be DENIED.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived.  United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d

737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004); <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P 72(b).

Signed April 13, 2010.

**Signed By:**
*Edward B. Atkins* *EBA*
**United States Magistrate Judge**